

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-20-2007

# Lin v. Atty Gen USA

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-2750

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Lin v. Atty Gen USA" (2007). *2007 Decisions.* Paper 205.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/205

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 06-2750

———————

QIU YING LIN,

Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,

Respondent

———————————

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A77-998-387)

———————————

Submitted under Third Circuit LAR 34.1(a)
on September 24, 2007

Before: AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: November 20, 2007)

———————

O P I N I O N

———————

**ROTH,** Circuit Judge

Qiu Ying Lin petitions for review of the order of the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ) denial of her application for asylum, withholding of removal, and protection under the Convention Against Torture. We will deny the petition because substantial evidence in the record supports the IJ's conclusion that Lin did not establish a well-founded fear of persecution or that she will more likely than not be tortured if she is returned to her native country, the People's Republic of China.

## I. Background and Procedural History

Lin is originally from China's Fujian Province. Her application for asylum, withholding 0f removal, and protection under the Convention Against Torture was initially based in part on claims that she and her husband, who was seeking asylum in a separate proceeding, had violated China's family planning policy. Lin claimed that she had been forced to undergo two abortions and have intrauterine devices implanted, that her husband's employment had been terminated, and that she and her husband had been fined.

Lin submitted documentation from the local hospital and a letter from her husband's work unit, as well as documentation from a hospital here in the United States, in support of her claims. The documentation obtained from China was determined to be fraudulent by an in-country consular investigation conducted pursuant to Lin's husband's asylum proceeding. After the BIA sustained that finding, the IJ asked Lin and her counsel if she wished to proceed on her past persecution claim or simply on her claim of a well-founded fear of future persecution based upon her having two children (the second of whom was born in the United

2

States). Lin's counsel represented that she chose to proceed on the well-founded fear of future persecution.

At her hearing, Lin testified that she was certain that, because she had two children, she would be jailed, sterilized, and fined if she returned to China. She did not provide testimony about her claims of past persecution.

The Immigration Judge denied Lin's claims. With respect to her asylum claim, the IJ concluded that Lin had not met her burden of proving that she faced a well-founded fear of persecution, in particular that she had not proven that she feared mistreatment that would constitute persecution, such as sterilization.[1] The IJ also concluded that Lin had not met the more stringent requirements for demonstrating eligibility for withholding of removal or protection under the Convention Against Torture.

The BIA affirmed the IJ's decision and order. The BIA found that Lin had waived her claim of past persecution and declined to consider that issue on appeal. Citing additional case law, the BIA adopted the IJ's conclusion that Lin did not establish a well-founded fear of persecution based on the birth of her second child. The BIA also adopted the IJ's conclusion that Lin had failed to prove that she more likely than not faced torture in China. Lin petitioned for review of the BIA's decision.

## II. **Jurisdiction and Standard of Review**

---

[1]In so doing, the IJ relied on reports from the U.S. Department of State indicating that, while Chinese nationals having children abroad might be expected to pay additional fees and would be expected to comply with Chinese family planning policies going forward, U.S. diplomats were not aware of any cases in which returnees from the United States were forced to undergo sterilization upon return.

We have jurisdiction over Lin's timely appeal under 8 U.S.C. § 1252(a)(1). We review questions of our own jurisdiction to hear a claim under the Immigration and Naturalization Act *de novo*. *See Nugent v. Ashcroft*, 367 F.3d 162, 165 (3d Cir. 2004).

Where, as here, the BIA affirms and adopts the decision of an IJ, we review the IJ's decision as if it were the decision of the Board. *Dia v. Ashcroft*, 353 F.3d 228, 245 (3d Cir. 2003). The standard of review is "extraordinarily deferential." *Abdulrahman v. Ashcroft*, 330 F.3d 587, 598 (3d Cir. 2003). Board determinations are upheld if they are "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). We will reverse only if "the evidence not only supports [a contrary] conclusion, but *compels* it." *Id.* at 481 n. 1; *see also* 8 U.S.C. § 1254(b)(4)(B). The agency's discretionary decisions "will not be disturbed unless they are found to be 'arbitrary, irrational, or contrary to law.'" *Tipu v. Immigration & Naturalization Serv.*, 20 F.3d 580, 582 (3d Cir. 1994) (citation omitted).

## III. <u>Analysis</u>

### A. Lin's Asylum Claim

The Attorney General has the discretion to grant asylum to an alien who meets the definition of a "refugee." 8 U.S.C. § 1158(b). An individual qualifies as a "refugee" if she is "unable or unwilling" to return to her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." *Id.* at § 1101(a)(42). Forced abortion and forced sterilization constitute persecution "on account of political opinion." *Id.* To establish

4

eligibility for asylum, an alien must demonstrate past persecution by substantial evidence or a well-founded fear of persecution that is both subjectively and objectively reasonable. *Butt v. Gonzales*, 429 F.3d 430, 433 (3d Cir. 2005).

The government contends that Lin waived her claims as to past persecution and correctly notes that Lin does not explicitly challenge the IJ's finding as to waiver in her brief. Even if the waiver issue were before us, the IJ's conclusion that she waived her past persecution claims was not "arbitrary, irrational, or contrary to law." Lin's counsel was specifically asked whether she intended to proceed with her past persecution claim. Counsel responded that he had discussions with Lin in light of the consular investigation and had decided to proceed only with the claim that she would be persecuted based on the birth of her second child.[2][3]

This Court also finds that substantial evidence supports the determination that Lin did not establish a well-founded fear of persecution on the basis that she had a second child. The government concedes that Lin has established a subjective fear of persecution should she be removed to China. The Department of State reports and Lin's testimony support the IJ's and

---

[2]Counsel later suggested that this decision was based on the BIA's decision in *In re O-D-*, 21 I&N Dec. 1079 (BIA. 1998), which addressed the submission of fraudulent documents.

[3]Even if Lin had not waived her arguments as to past persecution, we would not be compelled to conclude that the IJ's findings as to those claims were not conclusive. Although a medical report issued in the United States states that Lin underwent two "VTOPs" (voluntary termination of pregnancy), based on the consular investigation, the IJ found that the evidence submitted to corroborate the abortions and termination of employment had been discredited in the husband's case and that it would be estopped from concluding otherwise in Lin's case. Lin provided no testimony related to her past persecution claims.

5

BIA's conclusion that she did not show an objectively reasonable fear of persecution. The State Department materials in particular indicate that forced abortion and sterilization are no longer permitted by the central government and that the U.S. consulate has not seen forced abortion or sterilization in Fujian Province since the 1980's. Lin has not identified any evidence properly before us to support a contrary finding or a finding that she would be specially targeted for such mistreatment.

### B. Lin's Claim for Withholding of Removal

Withholding of removal is appropriate only if there is a "clear probability" that the alien's life or freedom would be threatened upon her removal to a particular country. 8 U.S.C. § 1231(b)(3); *Chen v. Gonzales*, 434 F.3d 212, 216 (3d Cir. 2005). This "clear probability" standard is stricter than the "well-founded fear" standard. *Zubeda v. Ashcroft*, 333 F.3d 463, 469-70 (3d Cir. 2003). As discussed above, Lin failed to establish that she had a well-founded fear of persecution. As such, the determination that she failed to establish a "clear probability" of persecution should she be returned to China is likewise supported by substantial evidence.

### C. Lin's Claim Under the Convention Against Torture

The Convention Against Torture (codified at note to 8 U.S.C. § 1231; implemented by 8 C.F.R. §§ 206.16 and 206.18) requires withholding where the alien can show that it is "more likely than not" that she will be tortured by the government upon removal. *Chen*, 434 F.3d at 216. Torture is defined to exclude "lesser forms of cruel, inhuman or degrading

treatment or punishment not constituting torture." *Id.* (quoting 8 C.F.R. § 208.18). Lin produced no evidence that she would be tortured, other than her brief testimony she believed that the Chinese government would somehow find out that she had a second child and sterilize her. The 2004 State Department report "China: Profile of Asylum Claims and Country Conditions," in contrast, indicates that local physicians have not seen forced abortions or sterilizations in Fujian Province in recent years and that families who return to Fujian with more than one child after living abroad are assessed compensation fees. As such, the determination that Lin failed to show that it was more likely than not that she would be tortured (namely sterilized) upon return to China was also supported by substantial evidence.

## IV. <u>Conclusion</u>

For the reasons set forth above, we will **deny** Lin's petition for review.